IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANEE` MICHELLE CARTER, | : |
| | : |
| Plaintiff, | : |
| | : Case No. 08-944 (ESH) |
| v. | : |
| | : |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

### DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The District of Columbia ("the District"), by and through undersigned counsel, moves this court and pursuant to Fed. R. Civ. P. R. 12(b)(6) and 56 hereby move this Court to dismiss or, in the alternative, to grant summary judgment in favor of the District on Counts I, III and IV as alleged by plaintiff her complaint. As grounds for this motion the defendant state the following:

1. Plaintiff's common law claims are barred because plaintiff failed to give notice pursuant to D.C. Code § 12-309.

2. The Eighth Amendment is not applicable to plaintiff's claims because she was not convicted of a crime.

3. Punitive damages are not allowed against the District of Columbia.

A Memorandum of Points and Authorities, Statement of Undisputed Facts, and proposed Orders are attached hereto. Because this is a dispositive motion, plaintiff's consent is not required under Local Rule 7(m).

Dated: September 5, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

____/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANEE` MICHELLE CARTER, | : |
| Plaintiff, | : |
| v. | : Case No. 08-944 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUBIA'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The District of Columbia, ("the District"), by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. Rs. Civ. P. 12(b)(6) and 56(b) to dismiss Counts I, III and IV of plaintiff's complaint or, in the alternative to grant summary judgment in favor of the District.

**THE COMPLAINT**

Plaintiff was a sixteen (16) year old minor who had been committed by the District of Columbia Department of Child and Family Services ("CFSA") to the custody of KidsPeace Corporation ("KidsPeace"). at its Orchard Hills facility in Allentown, Pennsylvania for behavioral and mental health treatment. *See* Complaint at 2, ¶ 8. Plaintiff alleges that on or about August 10, 2005, while in the custody of KidsPeace at Orchard Hills, plaintiff was sexually assaulted by a male employee. *Id.* at 3, ¶ 13. That employee was later convicted of institutional sexual assault and corruption of a minor for the attack of plaintiff. *Id.* ¶ 19.

In her complaint, plaintiff alleges that the District violated her Eighth Amendment right to be free from cruel and unusual punishment (Count I) and her Fifth Amendment right by

depriving her constitutional right to equal protection and due process of law (Count II), both under 42 U.S.C. § 1983. *Id.* at 4-5, ¶s 18, 21. Additionally, plaintiff alleges the common law claims of negligent supervision (Count III) and negligent infliction of emotional distress (Count IV[1]). *Id.* at 6-7. Plaintiff also asks for an award of punitive damages against the District. *Id.* at 8.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also Western Assoc. L.P. v. Market Square Assoc.*, 235 F.3d 629, 633 (D.C. Cir. 2001) ("The court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions.").

The Supreme Court, has clarified the standard by which a complaint challenged by a Rule 12(b)(6) motion must be judged. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Court held that, while a complaint so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan*).

---

[1] Plaintiff incorrectly labeled the claim for negligent infliction of emotional distress and Count III.

2

The *Twombly* Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic*, *supra*, at 1959-60.

More specifically, the Court noted that, for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Similar to the Courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004). "In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

**ARGUMENT**

The District of Columbia moves this Court to dismiss Counts I, III and IV of plaintiff's complaint on the grounds that (1) any common law claims alleged by plaintiff against the District are barred by plaintiff's failure to provide notice pursuant to D.C. Code § 12-309; (2) plaintiff's Eighth Amendment claim pursuant to 42 U.S.C. § 1983 must fail because plaintiff was not convicted of a crime; and (3) plaintiff's punitive damages claim is not available against the District.

I. **PLAINTIFF'S CLAIM OF AN EIGHTH AMENDMENT VIOLATION PURSUANT TO 42 U.S.C § 1983 IS INVALID BECAUSE PLAINTIFF WAS NOT CONVICTED.**

Plaintiff's claim of an Eighth Amendment violation under 42 U.S.C. § 1983 (Count I) is impermissible because she was not convicted at the time of the alleged incident.

In *Ingraham v. Wright,* 430 U.S. 651, 664 (1977), the court held that "[t]he Eighth Amendment provides: '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' Moreover, "[b]ail, fines, and punishment traditionally have been associated with the criminal process, and by subjecting the three to parallel limitations the text of the Amendment suggests an intention to limit the power of those entrusted with the criminal-law function of government. *Id.* "An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes." *Id.* The Court further held that "[i]n the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable". *Id.*, 430 U.S. at 667-8.

In this case, Plaintiff had been committed by CFSA and was sent to Orchard Hills Facility for mental health and behavioral <u>treatment</u>. *See* Complaint at 2, ¶ 8. Plaintiff had not been convicted of a crime. The treatment plaintiff received at Orchard Hills was not to punish her; rather, the treatment was in an attempt to address plaintiff's mental and behavioral problems. *Id.* There are no facts to support plaintiff's allegations that she was subjected to any cruel and unusual <u>punishment</u> as defined in *Ingraham.* 430 U.S. at 664. Absent a showing that she was being punished a part of a conviction for a crime, plaintiff cannot establish a necessary element of an Eighth Amendment claim. *Id.* Therefore, this Court must dismiss plaintiff's claim for an Eighth Amendment violation pursuant to 42 U.S.C. § 1983 (Count I).

## II.   **PLAINTIFF'S COMMON LAW CLAIMS ARE BARRED BECAUSE PLAINTIFF FAILED TO PROVIDE NOTICE PURSUANT TO D.C. CODE § 12-309.**

Plaintiff alleges the common-law claims of negligent supervision (Counts III) and negligent infliction of emotional distress (Count IV). Plaintiff has not provided the Mayor with written notice of her claims pursuant to D.C. Code § 12-309.

Because the plaintiff failed to comply with the statutory notice requirements of D.C. Code § 12-309, any non-constitutional counts brought against the District are barred and must be dismissed.

Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

5

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. In *District of Columbia v. Dunsmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District."* [citations omitted] 662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

The *Dunsmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'"). This mandatory requirement is not tolled even if the plaintiff is a minor at the time of the alleged incident. *See Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C. 1981); *see also Doe v. District of Columbia*, 697 A.2d 23 (D.C. 1997)( court found that six-month limitations period for giving written notice of claim against the District may not be equitably tolled, even in a case where a child was to young to file on her own behalf.)

Plaintiff alleged her injury occurred on or about August 10, 2005. *See* Complaint at 3, ¶ 13. As such, her notice to the District was due on or before February 10, 2006. To date, plaintiff has not submitted a letter pursuant to § 12-309. (Exhibit 1, Affidavit of Tamonica Heard.) Because the plaintiff has not satisfied the mandatory requirements of § 12-309, her claims of negligent supervision (Count III) and negligent infliction of emotional distress (Count IV) against the District of Columbia must be dismissed.

6

### III. **PLAINTIFF'S CLAIM FOR PUNTIVE DAMAGES IS NOT AVAILABLE AGAINST THE DISTRICT OF COLUMBIA**.

Plaintiff cannot recover punitive damages from the District of Columbia as a matter of law. Punitive damages are not available against the District of Columbia unless expressly mandated by statute, or in "extraordinary circumstances." *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Butera v. District of Columbia,* 344 U.S. App. D.C. 265 (D.C. Cir. 2001); *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975). The D.C. Circuit has interpreted "extraordinary circumstances" to include situations "where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused [a] plaintiff's injuries," or where "a municipality or its policymakers have intentionally adopted [an] unconstitutional policy that caused the damages in question*." Daskalea v. District of Columbia*, 261, 227 F.3d 433, 447 (D.C. Cir. 2000); *see also Butera v. District of Columbia*, 235 F.3d at 658.

Plaintiff neither cites any statutory authority for her claim of punitive damages, nor does she plead facts that constitute "extraordinary circumstances." Therefore, plaintiff's request for punitive damages from the District of Columbia must be dismissed.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the District respectfully requests that this Court dismiss or, in the alternative, grant summary judgment in favor of the District on Counts I, III and IV of plaintiff's complaint.

Dated: September 5, 2008.

    Respectfully submitted,

    PETER J. NICKLES
    Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

       */s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

 */s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANEE` MICHELLE CARTER, | : |
| Plaintiff, | : |
| v. | : Case No. 08-944 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The District of Columbia ("the District"), by and though undersigned counsel, submits the following statement of undisputed facts:

1. On August 10, 2005, plaintiff was a resident of Orchard Hills Facility, which was owned and operated by KidsPeace Corporation. (Complaint at 2, ¶ 8).

2. Orchard Hills Facility was located in Allentown, Pennsylvania. *Id.*

3. Plaintiff was a resident at Orchard Hills Facility for behavioral and mental health treatment. *Id.*

4. The alleged attack of plaintiff occurred in the State of Pennsylvania. *Id*.

5. Plaintiff did not provide notice to the Mayor of her claims pursuant to D.C. Code § 12-309. (Exh. 1)

Dated: September 5, 2008.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General

9

Civil Litigation Division

___/s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC  20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANEE` MICHELLE CARTER,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Case No. 08-944 (ESH)** |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA,** *et al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Upon consideration of the District's Partial Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff's Counts I, III and IV are dismissed with prejudice.

_____
ELLEN S. HUVELLE, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Elmer Douglas Ellis, Esq.
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANEE` MICHELLE CARTER,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Case No. 08-944 (ESH)** |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA,** *et al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

**ORDER**

Upon consideration of the District's Partial Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** summary judgment is granted in favor of the District on Counts I, III and IV of the complaint.

_____
ELLEN S. HUVELLE, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Elmer Douglas Ellis, Esq.
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Janee Michelle Carter ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 08-0944 |
| ) | |
| v. ) | |
| ) | |
| District of Columbia ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF ROBERT CARTER,

I, ROBERT CARTER, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1. I am the Interim Claims Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims from either the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3. Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia, Office of Risk Management has received no claim notice from Janee Michelle Carter, that referred to claims described in the complaint in Civil Action No. 08-0944, in reference to alleged claims of Negligent Supervision, Negligent Infliction of Emotional Distress and constitutional violations stemming from a sexual assault against plaintiff while in the custody of the District of Columbia, which occurred on or about August 10, 2005.

_____
ROBERT CARTER

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that Robert Carter, whose name is signed to the foregoing affidavit, bearing the date of the 3rd day of September, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 5 day of September, 2008.

_____
NOTARY PUBLIC
My Commission Expires: _____

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANEE` MICHELLE CARTER,** | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 08-944 (ESH) |
| | : |
| **DISTRICT OF COLUMBIA,** *et al.,* | : |
| **Defendants.** | : |

## ORDER

Upon consideration of the District's Partial Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** that plaintiff's Counts I, III and IV are dismissed with prejudice.

_____
ELLEN S. HUVELLE, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Elmer Douglas Ellis, Esq.
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANEE` MICHELLE CARTER,** | : |
| | : |
| **Plaintiff,** | : |
| | :    **Case No. 08-944 (ESH)** |
| v. | : |
| | : |
| **DISTRICT OF COLUMBIA,** *et al.,* | : |
| | : |
| **Defendants.** | : |
| _____ | : |

## ORDER

Upon consideration of the District's Partial Motion to Dismiss or, in the Alternative, for Summary Judgment, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and the entire record herein, it is by this _____ day of_____ 2008,

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** summary judgment is granted in favor of the District on Counts I, III and IV of the complaint.

 _____
ELLEN S. HUVELLE, Judge
United States District Court for the District of Columbia

Copes to:

Kerslyn D. Featherstone, Esq.
*Attorney for District of Columbia*

Elmer Douglas Ellis, Esq.
*Attorney for Plaintiff*