IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANEE` MICHELLE CARTER, | : |
| Plaintiff, | : |
| v. | : Case No. 08-944 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("the District"), by and through undersigned counsel, hereby answers plaintiff's Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The District states the following in response to the individually numbered paragraphs in the Complaint:

### INTRODUCTION

1. The allegations asserted in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 1 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial. The District acknowledges the statutes cited in the introduction of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

2. The allegations asserted in paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

## JURISDICTION

3. The allegations asserted in paragraph 3 of the Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in paragraph 1 of the Complaint, but does not admit that jurisdiction is necessarily conferred therefrom.

## PARTIES

5. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

6. Admitted.

7. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded

## STATEMENT OF FACTS

8. Denied.

9. The District is without sufficient information to admit or deny the factual allegations contained in paragraph 9.

10. The allegations asserted in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 10 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

11. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Moreover, the allegations alleged in paragraph 11 are legal conclusions to which to response is required. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

13. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

14. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

15. The District lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. To the extent that a response is required, the allegations are denied and strict proof thereof is demanded.

16. The allegations asserted in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 16 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

**COUNT I – (Deprivation of Civil Rights; Eighth Amendment – 42 U.S.C. § 1983)**

17. The District incorporates by reference the allegations in paragraphs 1-16 as stated above.

18. The District has moved to dismiss Plaintiff's Eighth Amendment claim in the Complaint, or in the alternative, for summary judgment. Therefore, paragraphs 18-19 require no response.

**COUNT II – (Deprivation of Civil Rights; Fifth Amendment – 42 U.S.C. § 1983)**

20. The District incorporates by reference the allegations in paragraphs 1-19 as stated above.

21. The allegations asserted in paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 21 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

22. The allegations asserted in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 22 contains factual allegations, the District denies all factual allegations and demands strict proof thereof at trial.

### COUNT III – (Negligent Supervision)

23. The District incorporates by reference the allegations in paragraphs 1-22 as stated above.

24. The District has moved to dismiss Plaintiff's Eighth Amendment claim in the Complaint, or in the alternative, for summary judgment.  Therefore, paragraphs 24-27 require no response.

### Count IV[1] (Negligent Infliction of Emotional Distress)

28. The District incorporates by reference the allegations in paragraphs 1-27 as stated above.

29. The District has moved to dismiss Plaintiff's Eighth Amendment claim in the Complaint, or in the alternative, for summary judgment.  Therefore, paragraphs 29-30 require no response.

### THIRD DEFENSE

Plaintiff might have failed to exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

### FOURTH DEFENSE

Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself from the alleged conduct.

### FIFTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiffs' own willful conduct or contributory negligence.

---

[1] Plaintiff incorrectly identified this count as Count III in the complaint.

4

**SIXTH DEFENSE**

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by her own willful conduct.

**SEVENTH DEFENSE**

If the plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct or negligence of a person or persons, other than the District's employees, acting within the scope of their employment.

**EIGHTH DEFENSE**

Plaintiff failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

**NINTH DEFENSE**

The District is not liable for the common-law torts of its independent contractors.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate any damages that she may have incurred.

**ELEVENTH DEFENSE**

Plaintiff may have failed to meet the applicable statute of limitations.

**TWELFTH DEFENSE**

This action may be barred by the doctrine of laches and/or unclean hands.

**THIRTEENTH DEFENSE**

The District is entitled to indemnification from its independent contractor.

**SET-OFF**

Defendant asserts a set-off for all funds and services provided to the Plaintiff by the District or paid for by the District.

**.JURY DEMAND**

The District demands a trial by jury.

**THE DISTRICT** reserves the right to Amend its Answer.

**WHEREFORE**, the District prays that the Court will dismiss the Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/ Toni Michelle Jackson
Toni Michelle Jackson [453765]
Chief, General Litigation, Section III
Civil Litigation Division

   /s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 741-8924

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JANEE MICHELLE CARTER**

    **Plaintiff,**

    v.

**KIDSPEACE CORPORATION**    Civil Action No.: 08-944 (ESH)
**AND THE DISTRICT OF COLUMBIA,**

    **Defendants.**

## DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST KIDSPEACE, INC.

The Defendant, District of Columbia, by and through undersigned counsel, and pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, hereby asserts its cross-claim against Co-Defendant KidsPeace Corporation (hereinafter "KidsPeace") and state:

1. Plaintiff Janee Carter filed a Complaint against KidsPeace and the District of Columbia, a copy of which is attached hereto as Defendant's Exhibit 1, and incorporated herein.

2. Plaintiff has brought this action for physical and emotional injuries arising out of an alleged series of incidents occurring on or about August 10, 2005.

3. It is alleged that Janee Carter, while in the care of KidsPeace, was sexually abused by her counselor, Jerry J. McChristian, an employee of KidsPeace.

4. Defendant District of Columbia has denied any act, omission, breach or negligence on their part which may have caused or contributed to Janee Carter's alleged injuries.

6. If Janee Carter sustained any injuries, as alleged by Plaintiff, and if such is proven, then her injuries are the result of the sole act, omission, or negligence of Co-Defendant KidsPeace entitling Defendant District of Columbia to indemnification from Co-Defendant KidsPeace.

7. If Janee Carter sustained the injuries as alleged by Plaintiff, and if such can be proven,

then the acts and omissions of the Co-Defendant KidsPeace caused the alleged injuries, entitling Defendant District of Columbia to contribution from Co-Defendant KidsPeace.

8. In conclusion, Defendant District of Columbia asserts that Co-Defendant KidsPeace may be liable to Defendant District of Columbia for all or part of the claim asserted in the action against Defendant District of Columbia.

**WHEREFORE**, Defendant District of Columbia demands judgment by way of indemnification or contribution against Co-Defendant KidsPeace Corporation, and the amount of any judgment that might be entered against the District of Columbia, in favor of Plaintiff, plus costs, interest and attorneys' fees.

Dated: September 5, 2008.

                                        Respectfully submitted,

                                        PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

   */s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

  */s/ Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, NW, Suite 600 South
Washington, DC 20001
(202) 724-6600 (Office)
(202) 741-8924 (Fax)
Kerslyn.featherstone@dc.gov